## Mary Ann Gilmore *v.* Menard & Vigneaud.

A mortgage granted by one of the heirs on his individual share of the property belonging to the succession, cannot effect the right of the other heirs to demand a sale of the property to affect a partition.

APPEAL from the District Court of the Parish of East Baton Rouge, *Robertson*, J. *J. W. Seymour* and *J. Jones*, for plaintiff. *G. S. Lacey*, for defendant and appellant.

OGDEN, J. The defendants obtained an order of seizure and sale, which the plaintiff enjoined as purchaser and third possessor of the property seized. The plaintiff derived her title from a judicial sale of the succession of *John Gilmore*, made to effect a partition among their heirs, and the defendants had a special mortgage on the undivided interest of one of the heirs, which they sought to enforce, notwithstanding the judicial sale, which they assumed the right to treat as a nullity, on the ground of certain defects and irregularities in the proceedings, by virtue of which the sale took place.

The alleged nullities are the same which were made the ground of an action on the part of one of the heirs to set aside the sale in the case of *Susan Gilmore et al.* v. *John A. Gilmore*, *ante* p. 197, in which, by the final judgment of this court, the validity of the sale has been maintained. We are of opinion that the mortgage granted by one of the heirs on his undivided share of the property belonging to the succession, could not affect the right of the other heirs to demand a sale of the property to effect a partition.

The debt for which the order of seizure and sale issued, was paid to the defendants by their debtor, after the injunction was obtained, and by consent of parties, an order entered perpetuating the injunction, with a reservation to both parties to claim damages and costs upon the issues made in the suit.

The court below did not err in the judgment finally rendered, perpetuating the injunction at the costs of the defendants.

The judgment is therefore affirmed, with costs.